UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHERINE ARTEAGA,

    Plaintiff,

v.                                                         Case No. 6:16-cv-2045-Orl-37TBS

STEAK N SHAKE OPERATIONS, INC.,

    Defendant.

_____

## ORDER

Plaintiff initiated this action against her former employer alleging, among other things, that it failed to pay her overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 2.) The parties then unsuccessfully moved for approval of their settlement agreement under *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (*See* Docs. 20, 26.) In rejecting the parties' second settlement agreement, the Court advised them of several options available to them under controlling law; one such option was to file a stipulation of dismissal without prejudice. (Doc. 28.) On November 28, 2017, the parties filed a joint stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 29 ("**Stipulation**").)

Rule 41(a) allows for dismissal of an action without court order subject to "any applicable federal statute." In most cases, a stipulation [of dismissal] is self-executing and dismisses the case upon it becoming effective—that is, on "filing unless it explicitly

-1-

conditions its effectiveness on a subsequent occurrence." *Love v. Wal-Mart Stores*, 865 F.3d 1322, 1325 (11th Cir. 2017) (quoting *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012)). Here, the Stipulation provided no conditions to its effectiveness; so it became effective on filing.

FLSA cases are not most cases, and under *Lynn's Food* resolution of FLSA claims generally requires judicial approval even where the parties have stipulated to dismissal under Rule 41. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010). But courts have held that judicial approval is not required where parties stipulate to dismissal *without prejudice*. *See Farias v. Trade Secrets, LLC*, No. 6:14-cv-880-Orl-37GJK 2014 WL8771497, at *1 (M.D. Fla. Sept. 18, 2014); *see also Perez-Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009).

In light of the Stipulation, no further action from the Court is required, and the Clerk is **DIRECTED** to close the file. The parties are reminded that absent judicial approval any settlement agreement is unenforceable.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 29, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record